{¶ 29} For the reasons that follow, I respectfully dissent from the majority opinion, which concludes that the trial court did not err in denying appellant's motion to suppress.
 {¶ 30} The burden is on the state to demonstrate that the officer "issuing the dispatch possessed sufficient knowledge of facts or information to justify the stop, where the stopping officer himself did not."[2] Thus, an officer's statement that he or she relied on the dispatch is not, by itself, sufficient to justify the stop. The officer issuing the dispatch must possess reasonable suspicion of criminal activity.[3]
 {¶ 31} The majority correctly notes that Scott was an identified citizen informant and, therefore, a highly reliable source. However, Scott's tip did not reveal any criminal behavior. Scott only notified the officer that appellant was being loud and slurring his speech.
 {¶ 32} When looking at the totality of the circumstances, it is clear that the dispatcher, based on Scott's tip, lacked reasonable suspicion to justify the stop. Appellant's behavior may have been offensive, but Scott's tip to the police did not, in itself, provide reasonable suspicion to justify stopping appellant's vehicle. The subsequent dispatch relayed to Officer Greco differed greatly in that it stated that appellant was drinking and driving, and was possibly intoxicated. This wide disparity between the actual tip provided by the informant and the dispatch relayed to the stopping officer offends the core concepts of Fourth Amendment jurisprudence. Had the reliability of the informant's tip been corroborated or had Officer Greco witnessed for himself unlawful behavior, there then would have been justification to make the stop. The state cannot rely on a factually erroneous dispatch to justify a stop that otherwise lacked the requisite reasonable suspicion.
 {¶ 33} Therefore, I would reverse the trial court's denial of appellant's motion to suppress because, based on the tip provided by the identified citizen informant, the dispatching officer lacked any reasonable suspicion to justify the stop. For these reasons, I respectfully dissent.
[2] (Emphasis in original.) Maumee v. Weisner (1999), 87 Ohio St.3d 295,297-298.
[3] Id.